IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SPEED BOATS OF TEXAS L.P., )
D/B/A LEGEND MARINE )
GROUP, et al., )
　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　) No. 11 C 3970
　　　　v. )
　　　　　　　　　　　　　　　)
DAVID NOVOSELSKY )
　　　　　　　　　　　　　　　)
　　　　　　　Defendant. )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant David Novoselsky's (Novoselsky) motion to dismiss and motion to strike. For the reasons stated below, the motion to dismiss and the motion to strike are denied.

# BACKGROUND

Plaintiffs Speed Boats of Texas, L.P. d/b/a Legend Marine Group, FNT Financial LLC, and Greg Connell (Connell) allege that Novoselsky is an attorney they retained in November 2009 pursuant to an oral agreement. Plaintiffs allegedly paid Novoselsky a total of $60,000.00 up front (Retainer), to be used toward payment of an agreed upon hourly fee, as bills for legal work were submitted by

1

Novoselsky and approved by Plaintiffs. Any part of the Retainer that was left after Novoselsky's representation of Plaintiffs ended was allegedly to be returned to Plaintiffs. After being retained by Plaintiffs, Novoselsky allegedly advised Plaintiffs to file two lawsuits.

The first lawsuit was allegedly brought against Bank of America (BOA Case). After the BOA Case was filed, a representative from Bank of America allegedly contacted Connell and made a settlement offer that was favorable to Plaintiffs. Plaintiffs allege that Novoselsky advised Plaintiffs not to settle the case and that Plaintiffs rejected the settlement offer based upon Novoselsky's advice. Plaintiffs also allege that Novoselsky failed to conduct any discovery in the BOA Case and informed the Plaintiffs around the time that discovery was set to close that there was no evidence to support Plaintiffs' claims. Bank of America allegedly filed a motion for summary judgment in the BOA Case, at which point Novoselsky allegedly "abandoned the Plaintiffs." (A Compl. Par 11). Plaintiffs allegedly had to hire new counsel to respond to the motion for summary judgment on their behalf. Plaintiffs lost the BOA Case when summary judgment was entered in favor of Bank of America.

The second lawsuit was filed by Novoselsky on behalf of Plaintiffs against GE Commercial (GE Case). While the GE Case was pending, Connell allegedly asked Novoselsky to communicate with GE Commercial regarding the sale of certain boats to third parties at a certain price. Novoselsky allegedly indicated to Connell that he had spoken with a representative of GE Commercial who had agreed to allow

Plaintiffs to sell certain boats to the third parties at the price suggested by Plaintiffs. Plaintiffs allege that they sold a boat at or around the price that they believed GE Commercial had agreed to (Sale), based on representations made by Novoselsky, and that they later learned that Novoselsky had not actually spoken to anyone at GE Commercial regarding the proposed pricing. GE Commercial then filed a separate action against Plaintiffs in Texas relating to the Sale (Texas Action), and Plaintiffs were allegedly required to retain other attorneys to defend the Texas Action. In addition, the GE Case was allegedly dismissed at an early stage in the proceedings pursuant to an arbitration clause, and Plaintiffs were allegedly required to pay GE Commercial's attorneys' fees in the GE Case.

In January 2011, Plaintiffs allegedly sent messages to Novoselsky requesting an accounting for any legal work he performed, and Novoselsky allegedly offered various reasons for failing to send Plaintiffs an accounting. After the instant action was initiated by Plaintiffs, Novoselsky allegedly furnished an accounting purporting to reflect time spent on legal matters related to representing Plaintiffs. Plaintiffs include in their amended complaint a legal malpractice claim (Count I) and a conversion claim (Count II). In connection with the conversion claim, Plaintiffs seek punitive damages. Novoselsky has moved to dismiss the claims and to strike the request for punitive damages.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil

Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I.  Count I

    Novoselsky argues that Plaintiffs have failed to state a legal malpractice claim

against him. To establish a legal malpractice claim under Illinois law, a plaintiff must show "(1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that 'but for' the attorney's negligence, the plaintiff would have prevailed in the underlying action; and (4) damages." *Owens v. McDermott, Will & Emery*, 736 N.E.2d 145, 155 (Ill. App. Ct. 2000) (citation omitted). Novoselsky contends that Plaintiffs' legal malpractice claim fails because Plaintiffs cannot establish proximate cause, and because Plaintiffs' damages are purely speculative.

A. Proximate Cause

Novoselsky argues generally that "[a]s a matter of well settled Illinois law, the acts of successor counsel constitute an intervening and superseding cause of a legal malpractice plaintiff's injury, thereby eliminating any liability of the predecessor attorney." (Memo 7-8). However, the cases Novoselsky relies on to support dismissal at the pleadings stage actually "represent an exception to the rule that proximate cause must be determined by the jury." *Sobilo v. Manassa*, 479 F.Supp.2d 805, 816 (N.D. Ill. 2007). Under Illinois law, "in cases of successive representation, . . . a prior attorney's negligence may be the proximate cause of [plaintiffs'] damages where [plaintiffs'] underlying claim is no longer viable when his representation ends." *Mihailovich v. Laatsch*, 359 F.3d 892, 905 (7th Cir. 2004)(citation omitted); *see also Mitchell v. Schain, Fursel & Burney, Ltd.*, 773 N.E.2d 1192, 1194 (Ill. App.

5

Ct. 2002) (indicating that when determining proximate causation in the context of a legal malpractice claim, "prime consideration must be given to the situation in which the client was placed at the time of the termination of the legal services")(citation omitted). In addition, under Illinois law, "settlement by successor counsel does not necessarily bar a malpractice action against prior counsel." *Weisman v. Schiller, Ducanto and Fleck, Ltd.*, 856 N.E.2d 1124, 1140 (Ill. App. Ct. 2006)(citation omitted). Novoselsky also argues, more specifically, that Plaintiffs cannot show that he caused Plaintiffs' damages (1) because Plaintiffs' successive counsel was responsible for the summary judgment filings in the BOA Case, and (2) because the attorney representing Plaintiffs in the Texas Action disposed of Plaintiffs' claims in the GE Case as part of the settlement of the Texas Action. To sufficiently plead proximate cause, "[plaintiffs] must plead facts sufficient to show that but for the attorney's malpractice, [plaintiffs] would have been successful in the undertaking the attorney was retained to perform." *Id.* (citation omitted); *see also Tri-G, Inc. v. Burke, Bosselman & Weaver*, 856 N.E.2d 389, 395 (Ill. 2006)(stating that "[i]f the underlying action never reached trial because of the attorney's negligence, the plaintiff is required to prove that but for the attorney's negligence, the plaintiff would have been successful in that underlying action"). Plaintiffs allege that after filing the BOA Case, Bank of America offered them a favorable settlement, which Plaintiffs rejected based on Novoselsky's advice. Plaintiffs also allege that Novoselsky failed to conduct any discovery to support their claims in the BOA Case, and that, as a result, Plaintiffs lost the BOA Case at the summary judgment stage of the

proceedings. In addition, Plaintiffs allege (1) that they initiated the GE Case based on Novoselsky's advice, (2) that they could not prevail in the GE Case due to an arbitration clause, and (3) that they were required to pay attorneys' fees to GE Commercial as a result of filing the GE Case. Plaintiffs also allege that while the GE Case was pending, Novoselsky made a misrepresentation to Plaintiffs that ultimately led to the filing of the Texas Action against Plaintiffs, which they had to retain other attorneys to defend. Taking all of the allegations in the amended complaint as true, as the court must at this stage of the proceedings, Plaintiffs have pled sufficient facts to plausibly suggest that Plaintiffs' claims in the BOA Case were originally viable and that Plaintiffs' claims in the BOA Case were no longer viable when Novoselsky ceased representing Plaintiffs due to Novoselsky's failure to conduct discovery. Plaintiffs have also pled sufficient facts to suggest that the actions Novoselsky took in connection with the GE Case caused Plaintiffs to be responsible for GE Commercial's attorneys' fees in the GE Case, and also caused Plaintiffs to incur attorneys' fees defending themselves in the Texas Action.

Novoselsky provided a number of documents to the court in connection with his motion to dismiss, which the court may take judicial notice of for the purposes of ruling on the instant motion to dismiss. *See Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994)(stating that in addition to the allegations in the complaint, "'[t]he district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment")(quoting in part *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). However, the

documents submitted by Novoselsky do not, on their face, undermine the allegations made by Plaintiffs in the amended complaint. Further, given the facts alleged in this case, Novoselsky's arguments relating to whether Plaintiffs will be able to show proximate causation are misplaced at this stage of the proceedings. *See Nettleton*, 899 N.E.2d at 1261-62 (stating that "[t]he issue of proximate causation in a legal malpractice setting is generally considered a factual issue to be decided by the trier of fact," and that a "determination [regarding proximate cause] is to be made by the trier of fact after consideration of all of the evidence and attending circumstances") (citations omitted)(internal quotations omitted); *see also Mitchell*, 773 N.E.2d at 1194-95 (indicating that dismissal short of trial would be inappropriate where an attorney's "acts or omissions leave doubt about the subsequent viability of [a] plaintiff's claim after his representation ends"). Based upon the above, Plaintiffs have pled sufficient facts regarding proximate cause in their amended complaint.

B.  Damages

Novoselsky also argues that Plaintiffs' legal malpractice claim fails because Plaintiffs' claimed damages are purely speculative. In Illinois, "[a]ctual damages in a legal malpractice case are not presumed; [plaintiffs] must plead and prove that [they] suffered injuries resulting from the defendant attorney's alleged malpractice." *Nettleton v. Stogsdill*, 899 N.E.2d 1252, 1257 (Ill. App. Ct. 2008)(citation omitted). In the instant action, Plaintiffs allege that they would have prevailed in the BOA Case absent Novoselsky's failure to conduct discovery on their behalf. Thus,

8

Plaintiffs' alleged damages include the value of the claims Plaintiffs asserted in the BOA Case, or, at the very least, the value of the settlement offer made by Bank of America in the BOA Case, which Plaintiffs rejected based upon Novoselsky's allegedly negligent advice.

In addition, Illinois law permits plaintiffs to recover legal fees incurred in connection with hiring successor counsel to remedy a prior attorney's alleged malpractice. *See Nettleton*, 899 N.E.2d at 1261 (holding that "a legal malpractice plaintiff may recover as actual damages the attorney fees incurred as a result of the defendant's malpractice, so long as the plaintiff can demonstrate she would not have incurred the fees in the absence of the defendant's negligence"). Illinois law also permits plaintiffs to recover damages where a settlement entered into by the plaintiffs was less favorable than it otherwise would have been absent the legal malpractice. *See*, *e.g., Merritt v. Goldenberg*, 841 N.E.2d 1003, 1010 (Ill. App. Ct. 2005). In this case, Plaintiffs allege that they were required to pay various legal fees as a result of the allegedly negligent filing of the GE Case, and that the GE Case both caused the filing of the Texas Action against Plaintiffs and impacted the terms of settlement in the Texas Action. Thus, Plaintiffs have properly alleged that their damages include money spent on legal fees in connection with the Texas Action and certain money paid to GE Commercial to settle the Texas Action, including attorneys' fees GE Commercial incurred in defending the GE Action. In addition, Plaintiffs allege that they suffered an additional $325,000 in other losses as a result of Novoselsky's conduct. Plaintiffs' alleged damages in this case clearly rise above the speculative

level. Based on the above, Plaintiffs have pled sufficient facts to plausibly suggest that Novoselsky's acts or omissions proximately caused Plaintiffs' damages. Therefore, the motion to dismiss the legal malpractice claim is denied.

II. Count II

Novoselsky argues that Plaintiffs have failed to state a claim for conversion against him. For a claim for conversion under Illinois law, a plaintiff must show "that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Loman v. Freeman*, 890 N.E.2d 446, 461 (Ill. 2008)(citation omitted). Plaintiffs allege that they paid the Retainer to be used toward legal fees approved by Plaintiffs, that they made numerous demands for an accounting of legal fees incurred, that Novoselsky failed to provide an accounting, that Novoselsky performed little or no legal work on Plaintiffs' behalf, that Plaintiffs demanded the return of the Retainer, and that Novoselsky has refused to return the Retainer. Such facts are sufficient to state a claim for conversion.

Novoselsky contends that Plaintiffs' claim for conversion fails because Plaintiffs are seeking an indeterminate amount of money. Notwithstanding Novoselsky's citation to one paragraph of the amended complaint relating to damages, it is clear based on the allegations in the amended complaint that Plaintiffs are seeking the return of the Retainer in its entirety. Thus, Plaintiffs have sufficiently

10

stated a claim against Novoselsky for conversion. Based on the above, the motion to dismiss as to the conversion claim is denied.

III. Punitive Damages

Novoselsky argues that if the motion to dismiss is denied with respect to Count II, Plaintiffs' prayer for punitive damages in Count II should be stricken as improper. Illinois law provides that "[i]n all cases, whether in tort, contract or otherwise, in which the plaintiff seeks damages by reason of legal, medical, hospital, or other healing art malpractice, no punitive, exemplary, vindictive or aggravated damages shall be allowed." 735 ILCS 5/2-1115. However, in *Cripe v. Leiter*, 683 N.E.2d 516 (Ill. App. Ct. 1997), the Illinois appellate court held that 735 ILCS 5/2-1115 (Section 2-1115) "does not prohibit a plaintiff from seeking punitive damages when the plaintiff's complaint states a cause of action [against his attorney] for common law fraud." *Id.* at 520. The court indicated in *Cripe* that Section 2–1115 is "only applicable [to a claim] if the behavior alleged [in the claim] . . . amounts to legal malpractice." *Id.* at 519; *see also Kennedy v. Grimsley*, 837 N.E.2d 131, 134 (Ill. App. Ct. 2005)(indicating that when a cause of action is "unrelated to issues of legal skill and ability," punitive damages are not barred by Section 2-1115); *Brush v. Gilsdorf,* 783 N.E.2d 77, 80 (Ill. App. Ct. 2002)(stating that "in determining the applicability of section 2–1115, the court must look to the nature of the behavior alleged in plaintiff's complaint to determine whether the activities fell within the term legal malpractice")(citation omitted)(internal quotations omitted). At this stage

11

of the proceedings, Plaintiffs' conversion claim alleges sufficient facts unrelated to issues of legal skill and ability. Applying the Illinois appellate court's reasoning in *Cripe*, the motion to strike the prayer for punitive damages in Count II is denied.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss and the motion to strike are denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 8, 2012